UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

ENEMIGO LTD.,

               Plaintiff,

     -against-

TRINITY BEVERAGE GROUP, LLC, MICHAEL
BELL, HILL FLYNN, JURETA CAPITAL
PARTNERS LLC, VERITY WINES, LLC and
ORACLES CAPITAL, INC.,

               Defendants.

-----------------------------------------------------------x

ECF CASE 1:22-CV-09794

**DEFENDANTS TRINITY
BEVERAGE GROUP, LLC
AND MICHAEL BELL'S
ANSWER, AFFIRMATIVE
DEFENSES AND
CROSSCLAIM AGAINST
HILL FLYNN, JURETA
CAPITAL PARTNERS LLC,
VERITY WINES, LLC AND
ORACLES CAPITAL, INC.**

Defendants TRINITY BEVERAGE GROUP, LLC ("Trinity") and MICHAEL BELL ("Bell"), (hereinafter referred to collectively as "Defendants"), by and through its attorneys, Cozen O'Connor, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

2.     Defendants deny the allegations set forth in Paragraph "2" of the Complaint as written. Defendants admit only that Bell and Defendant HILL FLYNN ("Flynn") jointly owned Defendant JURETA CAPITAL PARTNERS ("Jureta") in 2020, and that Jureta was a partial owner of Defendant VERITY WINES, LLC ("Verity"). All other allegations set forth in this Paragraph not expressly admitted are denied.

3.     Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4.     Defendants deny the allegations set forth in Paragraph "4" of the Complaint as written, but admit that a supplier agreement was entered into between Trinity and ENEMIGO LTD ("Enemigo"). All other allegations set forth in this Paragraph not expressly admitted are denied.

5.     Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

1

6.      Defendants deny the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

## PARTIES

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10.     In response to Paragraph "10" of the Complaint, Defendants admit only that Trinity is a Delaware limited liability company. All other allegations set forth in this Paragraph not expressly admitted are denied.

11.     In response to Paragraph "10" of the Complaint, Defendants admit only that Bell is the current CEO of Trinity. All other allegations set forth in this Paragraph not expressly admitted are denied.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14.     In response to Paragraph "14" of the Complaint, Defendants deny that Bell is a member of Verity and a New York resident. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "14" of the Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

## JURISDICTION AND VENUE

16.    Defendants submit that Paragraph "16" of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, deny.

17.    Defendants submit that Paragraph "17" of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, deny.

18.    Defendants submit that Paragraph "18" of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, deny.

19.    Defendants submit that Paragraph "19" of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, deny.

## STATEMENT OF FACT

20.    Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21.    Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22.    Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23.    Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24.    Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25.    In response to Paragraph "25" of the Complaint, Defendants admit only that Bell is a partial owner of ORACLES CAPITAL, INC. ("Oracles"), and that Defendants were named in the now dismissed lawsuit with Case No.: 1:21-cv-10597. All other allegations set forth in this Paragraph not expressly admitted are denied.

26.    Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27.    Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28.    In response to Paragraph "28" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

29.     In response to Paragraph "29" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

30.     Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34.     In response to Paragraph "34" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph as written by Bell, was written by Bell. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" as to Flynn. All other allegations set forth in this Paragraph not expressly admitted are denied.

35.     Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36.     In response to Paragraph "36" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied..

37.     Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38.     In response to Paragraph "38" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

39.     In response to Paragraph "39" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

40.     In response to Paragraph "40" of the Complaint, Defendants admit only that Enemigo and Trinity entered into the "Trinity Supplier Agreement". Defendants lack information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "40".

41.     Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42.     In response to Paragraph "42" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

44.     Defendants admit the allegations set forth in Paragraph "44" of the Complaint.

45.     In response to Paragraph "45" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

46.     Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph "47" of the Complaint as asserted against Bell and deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted against Flynn. All other allegations set forth in this Paragraph not expressly admitted are denied.

48.     In response to Paragraph "48" Defendants admit only that Bell was the Chairman of Trinity. Defendants further assert that the Trinity Supplier Agreement speaks for itself. All other allegations set forth in this Paragraph not expressly admitted are denied.

49.     Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50.     In response to Paragraph "50" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

51.    Defendants deny the allegations set forth in Paragraph "51" as written. Defendants admit only that that Defendant Trinity Beverage Group, LLC is named as a Defendant, in the lawsuits with the Index Numbers 657170/2021, 656365/2021, and 653347/2021. Defendants further admit that Michael Bell is named in the lawsuit with the Index Number 656365/2021. All other allegations set forth in this Paragraph not expressly admitted are denied.

52.    Defendants deny the allegations set forth in Paragraph "52" of the Complaint as written. Defendants admit only that they are named in the now dismissed lawsuit with Case No.: 1:21-cv-10597.

53.    Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55.    Defendants admit the allegations set forth in Paragraph "55" of the Complaint.

56.    Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57.    Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58.    In response to Paragraph "58" of the Complaint, Defendants deny the allegations as written but admit only that the language quoted in the Paragraph was written by Bell. All other allegations set forth in this Paragraph not expressly admitted are denied.

59.    Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60.    Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "61" of the Complaint.

**FIRST CAUSE OF ACTION**
**FRAUD AGAINST ALL DEFENDANTS**

62.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "61" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

63.    Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64.    Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65.    Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66.    Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67.    Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68.    Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

<u>SECOND CAUSE OF ACTION</u>
**BREACH OF CONTRACT AGAINST VERITY**

69.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "68" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

70.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "70" of the Complaint.

71.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "71" of the Complaint.

72.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "72" of the Complaint.

73.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "73" of the Complaint.

74.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "74" of the Complaint.

75.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "75" of the Complaint.

<u>THIRD CAUSE OF ACTION</u>
**BREACH OF CONTRACT AGAINST TRINITY**

76.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "75" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

77.    Defendants deny the allegations set forth in Paragraph "77" of the Complaint.

78.    Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79.    Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

80.    Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

81.    Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

82.    Defendants deny the allegations set forth in Paragraph "82" of the Complaint.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**

83.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "82" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

84.    Defendants deny the allegations set forth in Paragraph "84" of the Complaint.

85.    Defendants deny the allegations set forth in Paragraph "85" of the Complaint.

86.    Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

**FIFTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT AGAINST JURETA, VERITY, AND TRINITY**

87.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "86" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

88.    Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

89.    Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90.    Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91.    Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92.    Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93.    Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

94.    Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

**SIXTH CAUSE OF ACTION**
**CONVERSION AGAINST TRINITY**

95.     Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "94" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

96.     Defendants deny the allegations set forth in Paragraph "96" of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph "97" of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph "98" of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph "99" of the Complaint.

## SEVENTH CAUSE OF ACTION
## ALTER EGO LIABILITY AGAINST BELL AND FLYNN

100.    Defendants repeat and reallege their responses to the allegations in Paragraphs "1" through "99" of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

101.    Defendants deny the allegations set forth in Paragraph "101" of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph "102" of the Complaint.

103.    Defendants deny the allegations set forth in Paragraph "103" of the Complaint.

104.    Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

105.    Defendants deny the allegations set forth in Paragraph "105" of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph "107" of the Complaint.

108.    Defendants deny the allegations set forth in Paragraph "108" of the Complaint.

109.    Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

110.    Defendants deny the allegations set forth in Paragraph "110" of the Complaint.

111.    Defendants deny the allegations set forth in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations set forth in Paragraph "112" of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages were proximately caused by unforeseeable, independent intervening, or superseding events beyond the control, and unrelated to the conduct of Defendants or Defendants' actions and omissions, and as such, Defendants are not liable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants did not violate any duty, duties or covenants they may have owed to Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damage claim must fail on the ground it is improperly speculative.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If, in fact, Plaintiff sustained damages as alleged in the Complaint, which Defendants deny, such damages were caused, in whole or in part, by the culpable conduct, failure to perform, and/or comparative fault of Plaintiff, and such damages, which are hereby denied, should be diminished and reduced in the proportion to which the culpable conduct, failure to perform, and/or comparative fault of Plaintiff attributable to the Plaintiff bears upon the culpability, if any, of all parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages as alleged in the Complaint, such damages were the result of the culpable conduct, action or inaction, or breach of duty of other persons or entities, being or not being parties to this action, or their servants, agents or employees, over whom Defendants have no control and had no duty to control, and Defendants are blameless and free from any and all culpable conduct, negligent acts or breach of duty as to Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That if the damages were sustained by Plaintiff at the time and place and in the manner alleged in the Plaintiff's Complaint, such damages are attributable, in whole or in part, to the culpable conduct of third parties over whom Defendants have no duty or control; however, in the event that the triers of fact determine that Defendants owe a responsibility in damages to the

Plaintiff, all of which is specifically denied, then Defendants maintain that any such liability finding on the part of Defendants to the Plaintiff shall be fifty percent or less of the total liability assigned to all persons liable and the liability of Defendants to the Plaintiff shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for loss or damage sustained by the Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff received remuneration and/or compensation for some or all of the claimed economic loss and Defendants are entitled to have Plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants asserts that they performed all duties owed under the contract other than any duties that were prevented or excused, and therefore never breached any agreement.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, and/or by the doctrine of avoidable consequences, unclean hands, waiver, estoppel, res judicata and/or laches.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint were not caused by the culpable conduct of Defendants, nor were the damages proximately caused as a result of the acts or omissions of Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants assert that the Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgment sought by the Plaintiff would unjustly enrich the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendants assert that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiff cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that any contract between the parties has already been satisfied, the plaintiff having received full satisfaction as the Defendants have paid all they owe under the contract.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Any award made to the Plaintiff for the alleged damages must be reduced in such proportion that the alleged damages were caused, aggravated, and contributed to by Plaintiff's failure to mitigate damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendants asserts that they substantially complied with any contract between the parties, leaving only a small part of the contract undone, and that as a result awarding the judgment sought by the Plaintiff would be unjust and unfair.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the goods provided by the Plaintiff were substantially inferior to the standard of the industry or what was promised such that any further payment by the defendant would be unconscionable.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the Plaintiff owes money or other valuable consideration to the Defendants, or has not properly credited payments made, and that as a result the Defendants owe less than the amount claimed by Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert that their performance under any contract or agreement was conditioned upon Plaintiff first performing, or another act or condition to occur, that such performance, act, or condition never took place, and that as a result the defendant was never obligated to perform.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to specifically allege the representations that supposedly constituted the fraud against Defendants.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff sustained no legally compensable damages that would be the responsibility of Defendants.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

There exists no proximate causation between any alleged acts or an alleged breach of a duty by Defendants and Plaintiff's damages alleged herein.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

The Answering Defendant reserves the right to assert other and further affirmative defenses following the completion of discovery.

**WHEREFORE**, Defendants TRINITY BEVERAGE GROUP, LLC and MICHAEL BELL respectfully requests that this Court issue an order and judgment in favor of Defendants TRINITY BEVERAGE GROUP, LLC and MICHAEL BELL and against Plaintiff as follows:

    a.    Dismissing this action against Defendants with prejudice;

    b.    Awarding Trinity and Bell the reasonable attorney's fees, costs and disbursements incurred in this action; and

    c.    Awarding such other, further and different relief as the Court may deem just and proper in law and equity.

## REQUEST FOR JURY TRIAL

Defendants request a trial by jury of all issues raised that are triable by a jury.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANT HILL FLYNN FOR COMMON LAW AND CONTRACTUAL INDEMNIFICATION

1.    In the event that there is a verdict and judgment in favor of Plaintiff against Defendants TRINITY BEVERAGE COMPANY and/or MICHAEL BELL, then, and in that event, said Defendants demand judgment over and against HILL FLYNN, by reason of his culpable conduct being primary and or active, and Defendants TRINITY BEVERAGE COMPANY and MICHAEL BELL demand common law and/or contractual indemnification.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS HILL FLYNN FOR CONTRIBUTION

2.    In the event that there is a verdict and judgment in favor of plaintiff against Defendants, TRINITY BEVERAGE COMPANY and/or MICHAEL BELL, then, and in that event, said Defendant demand judgment over and against HILL FLYNN, by reason of his culpable conduct being primary and or active, and Defendants TRINITY BEVERAGE COMPANY and/or MICHAEL BELL.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST THE CO-DEFENDANT HILL FLYNN FOR FRAUD

3.      During his time as CEO of Trinity, Flynn falsely represented that he had a special and personal relationship with individuals at Southern Glazer's Wine and Spirits, LLC ("SGWS").

4.      That this special and personal relationship with SGWS would assist him in negotiating an exclusive supplier distribution agreement with Trinity. Multiple working drafts of the supplier distribution agreement were shared by Flynn to Bell and Trinity's corporate counsel to redline.

5.      This exclusive supplier distribution agreement included the distribution of Enemigo's tequila.

6.      On or about September 15, 2021, Flynn sent an email to Bell and Enemigo that purportedly contained an alleged copy of the executed exclusive supplier distribution agreement between SGWS and Trinity.

7.      Thereafter, on or about August 26, 2022 a meeting took place between members of Trinity, including Bell, and members of SGWS.

8.      At the meeting, the exclusive supplier distribution agreement was brought up, and to Bell's surprise, SGWS informed Bell that they were not aware of any such agreement in existence.

9.      During the meeting, Bell then emailed a copy of the exclusive supplier distribution agreement to SGWS.

10.      On or about September 27, 2022, General Counsel for SGWS contacted Bell and advised that despite verifiable negotiations between parties, an agreement was never formally executed on behalf of anyone at SGWS.

11.     Subsequently, Bell then accessed Flynn's prior work email account and discovered that the executed exclusive supplier distribution agreement first appeared to be generated from a FedEx Kinkos email account prior to being sent to Bell and Enemigo.

12.     It was at this time that Bell first became aware that the purported exclusive supplier distribution agreement between Trinity and SGWS was forged, fraudulent and created by Flynn.

13.     At the time that Flynn sent the forged and fraudulent exclusive supplier distribution agreement, he knew the document to be false.

14.     Flynn sent the forged and fraudulent exclusive supplier distribution agreement with the intent to deceive and defraud Bell, Trinity and Enemigo.

15.     Bell and Trinity reasonably relied on Flynn's false misrepresentations of material fact in the operation of the Trinity business.

16.     As a direct and proximate result of Flynn's actions, Bell and Trinity have suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, Defendants TRINITY BEVERAGE GROUP, LLC and MICHAEL BELL demands judgment in its favor and against Defendant HILL FLYNN on all claims in the Complaint together with reasonable attorney's fees, costs and disbursements incurred in this action.

Dated: New York, New York
        February 3, 2023

                                Respectfully submitted,

                                COZEN O'CONNOR

                        By:     /s/   *Seth Nirenberg*_____
                                Seth Nirenberg, Esq.
                                Cozen O'Connor
                                3 WTC, 175 Greenwich Street, 55th Floor
                                New York, New York 10007
                                (212) 453-3934
                                eberger@cozen.com
                                *Attorneys for Defendants TRINITY BEVERAGE*
                                *GROUP, LLC and MICHAEL BELL*

To:     David L. Mazaroli, Esq.
        250 Park Avenue, 7th Floor
        New York, NY 10177
        Tel: (212) 267-8480
        Email: dlm@mazarolilaw.com

        *Attorneys for Plaintiff*


        Clyde & Co.
        The Chrysler Building
        405 Lexington Avenue, 16th Floor
        New York, New York 10174
        Tel: (212) 710-3900
        Attn.: Andrew J. Harakas, Esq.
                Philip R. Weissman, Esq.

        *Attorneys for ASL Airlines Belgium*