UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ENEMIGO LTD.,                                    Civil Action No..:

              Plaintiff            22-cv-09794 (NRB)

  v.

TRINITY BEVERAGE GROUP, LLC
MICHAEL BELL, HILL FLYNN,
JURETA CAPITAL PARTNERS LLC,
VERITY WINES, LLC, ORACLES CAPITAL, INC.

              Defendants
------------------------------------x

## DEFENDANT HILL FLYNN'S ANSWER TO THE CROSS-CLAIM OF DEFENDANTS MICHAEL BELL AND TRINITY BEVERAGE GROUP, LLC

Defendant HILL FLYNN ("FLYNN" or "Defendant") by and through its attorneys, Eustace, Prezioso & Yapchanyk, as and for his Answer and Affirmative Defenses to the Cross-Claims of Defendant/Counterclaim Plaintiff TRINITY BEVERAGE GROUP, LLC (hereinafter "Trinity") and Defendant Michael Bell (hereinafter "Bell"), alleges upon information and belief as follows:

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANT HILL FLYNN FOR COMMON LAW AND CONTRACTUAL INDEMNIFICATION

1. FLYNN denies the allegations set forth in Paragraph "1" of the First Cross-Claim and denies that he has any liability to either Trinity and, or Bell for any reason whatsoever.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANT HILL FLYNN FOR CONTRIBUTION

2. FLYNN denies the allegations set forth in Paragraph "2" of the Second Cross-Claim and denies that he has any liability to either Trinity and, or Bell for any reason whatsoever.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST THE CO-DEFENDANT HILL FLYNN FOR FRAUD

3. Defendant denies the allegations set forth in Paragraph "3" of the Third Cross-Claim.

4. Defendant denies the allegations set forth in Paragraph "4" of the Third Cross-Claim.

5. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "5" of the of the Third Cross-Claim, and respectfully refers the Court to the document referenced therein for a determination of its terms and contents.

6. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "6" of the of the Third Cross-Claim, and respectfully refers the Court to the document referenced therein for a determination of its terms and contents.

7. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "7" of the of the Third Cross-Claim.

8. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "8" of the of the Third Cross-Claim.

9. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "9" of the of the Third Cross-Claim.

10. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "10" of the of the Third Cross-Claim.

11. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "11" of the of the Third Cross-Claim.

12. Defendant denies the allegations set forth in Paragraph "12" of the Third Cross-Claim.

13. Defendant denies knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph "13" of the of the Third Cross-Claim, and respectfully refers the Court to the document referenced therein for a determination of its terms and contents.

14. Defendant denies the allegations set forth in Paragraph "14" of the Third Cross-Claim.

15. Defendant denies the allegations set forth in Paragraph "15" of the Third Cross-Claim.

16. Defendant denies the allegations set forth in Paragraph "16" of the Third Cross-Claim.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Cross-Claims fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any duty, duties or covenants he may have owed to either Bell or Trinity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages as alleged in the Complaint, such damages were the result of the culpable conduct, action or inaction, or breach of duty of other persons or entities, being or not being parties to this action, or their servants, agents or employees, over whom Defendant had no control and had no duty to control, and Defendant is are blameless and free from any and all culpable conduct, negligent acts or breach of duty as to Plaintiff, Trinity and, or Bell.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent damages were sustained by Plaintiff as alleged in the Complaint, such damages are attributable, in whole or in part, to the culpable conduct of third parties, including Bell, over whom Defendant has or had no duty or control; however, in the event that the triers of fact determine that Defendant is liable for damages to the Plaintiff, all of which is specifically denied, then Defendant maintains that any such liability finding on the part of Defendant to the Plaintiff shall be fifty percent or less of the total liability assigned to all persons liable and the liability of Defendant to the Plaintiff shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for loss or damage sustained by the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by the applicable statute of limitations, and/or by the doctrine of avoidable consequences, unclean hands, waiver, estoppel, and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Cross-Claiming Defendants Trinity and Bell have sustained no legally compensable damages that would be the responsibility of Flynn.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

No proximate causation exists between any alleged acts by Defendant Flynn and any actual, or potential damages allegedly incurred by either Trinity and, or Bell.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant Hill Flynn reserves the right to assert other and further affirmative defenses as appropriate at the close of discovery.

**WHEREFORE,** having answered and responded to the allegations in the Cross-Claim, Defendant FLYNN respectfully requests that:

(a) The cross-claims of Trinity and Bell be dismissed with prejudice in their entirety;

(b) Each and every prayer for relief contained in the Cross-Claims be denied;

(c) Judgement be entered in favor of FLYNN as to all cross-claims against him;

(d) All costs, including reasonable attorneys' fees, be awarded to Defendant FLYNN and against Trinity and Bell pursuant to applicable laws; and

(e) The Court grant Defendant other and further relief as the Court may deem just and proper.

DATED: March 16, 2023
         New York, New York

EUSTACE, PREZIOSO & YAPCHANYK
Attorneys for **Defendant(s), Hill Flynn**
55 Water Street, 28th Floor
New York, New York 10041
(212) 612-4200

By: _____
      Anthony J. Tomari

Index No.  1:22-cv-09794
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ENEMIGO LTD.,

                Plaintiff

  v.

TRINITY BEVERAGE GROUP, LLC
MICHAEL BELL, HILL FLYNN,
JURETA CAPITAL PARTNERS LLC,
VERITY WINES, LLC, ORACLES CAPITAL, INC.

                Defendant(s)

------------------------------------------x

## DEFENDANT HILL FLYNN'S ANSWER TO THE CROSS-CLAIM OF

## DEFENDANTS MICHAEL BELL AND TRINITY BEVERAGE GROUP, LLC

EUSTACE, PREZIOSO & YAPCHANYK
Attorneys for **Defendant, Hill Flynn**
55 Water Street, 28th Floor
New York, New York 10041
(212) 612-4200