

75 Broad Street | Suite 2120 | New York, New York 10004 | 212.906.4499

Andrew R. Goldenberg
andrew@levygoldenberg.com

March 4, 2024

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 21A
New York, NY 10007-1312

Re: *Enemigo Ltd. v. Trinity Beverage Group, LLC,* et al., Case No. 1:22-cv-09794-NRB

Dear Judge Buchwald:

We represent Plaintiff Enemigo Ltd. ("Plaintiff" or "Enemigo") in the above matter. Defendant Hill Flynn ("Flynn") recently testified about certain facts that are relevant to Defendants' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (the "Motion"). In light of this new discovery obtained after the Motion was submitted, Plaintiff respectfully requests leave of the Court to submit a supplemental brief no longer than three pages by March 15, 2024 in further opposition of the Motion.

**A. Background**

As Your Honor may recall, on February 7, 2024, the parties attended Flynn's deposition. Before the start of the deposition, Flynn's counsel advised that Flynn intended on invoking his Fifth Amendment privilege to my questions, and asked for additional time to consult with a criminal lawyer. I initially refused the belated request, however, after a several exchanges on the record, it became clear that Flynn intended on asserting the Fifth Amendment to nearly all of my questions. After consulting with Your Honor, the parties stopped the deposition and rescheduled it for the following week. On February 13, 2024, the parties continued Flynn's deposition. Flynn did not assert the Fifth Amendment to any of my questions.

**B. Flynn Admits Jureta was a Shell Entity that Ceased Operations Years Ago**

As set forth in Enemigo's opposition to the Motion (ECF Doc. 101) and First Amended Complaint (ECF Doc. 57), the Jureta Note[1] is void because it was procured by fraud. The fraud emanates from, *inter alia*, representations made to Enemigo that Jureta was comprised of a valuable investment group that had a strong partnership with the country's largest wine a spirit distributor, Southern Glazer's Wine and Spirits, LLC ("SGWS"). As it turns out, Jureta was an

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in Plaintiff's Opposition Brief and First Amended Complaint.

1

asset-less shell entity used by Defendants to con liquor suppliers like Enemigo out of millions of dollars.

Flynn testified that neither him nor Bell invested any money into Jureta (Ex. A, Flynn Dep. Tr. at 101:24-102:6), Jureta's sole purpose was for Flynn to use it to obtain an equity stake in Defendant Verity Wines, LLC ("Verity") (*id.*, 102:7-12), and that Jureta had no profits or losses (*id.*, 111:17-25). When asked about Enemigo's $500,000 loan to Jureta, Flynn could not explain why Enemigo would loan money to an entity whose only purpose was for Flynn to obtain an equity stake in another entity, Verity. Flynn summed it up to "[i]t doesn't sound good, but yeah." *Id.* at 188:22-189:8. When asked how Jureta spent Enemigo's $500,000 loan, Flynn was unable to provide an accounting of where the money went. *Id.* at 222:13-223:7; 261:10-18. And although Flynn formed and held a membership interest in Jureta, he could not confirm whether Jureta had a bank account or ever filed tax returns. *Id.* at 225:9-21. Finally, Flynn confirmed that Jureta is not an active company and has not been operational since at least June 2021. *Id.* at 336:19-338:3.

Based on the foregoing, and additional facts set forth in Enemigo's Opposition Brief, it is clear that Jureta was a shell entity that dissolved well before Enemigo commenced this action. ECF Doc. 101 at 14. As a result, Enemigo did not hold an interest in Jureta at the time the action was commenced, and therefore, diversity jurisdiction exists.

### C. **Flynn Admits Defendants' Plan was to Wipe Out Enemigo's $500,000 Loan to Jureta Through an Article 9 Foreclosure**

In opposition, Enemigo asserts that within months of making its $500,000 loan to Jureta, Defendants failed to deliver on any of their promises and effectively wiped out Enemigo's investment through the Article 9 foreclosure and rolled up Verity into a new corporate group. ECF Doc. 101 at 19. Flynn confirmed this when he testified that Defendant Michael Bell ("Bell") helped facilitate the transfer all of Verity's assets to a new Trinity entity in order to "flush all the liabilities," including Enemigo's $500,000 loan. Ex. A at 340:13-342:21. Flynn described the Article 9 foreclosure as a "conspiracy" between Bell and Verity's senior secured lender. *Id*.

### D. **The Founding Member of Jureta is Unaware of Enemigo Ever Holding an Equity Stake in the Company**

Enemigo claims, among other things, that it never held an equity interest in Jureta, and all Enemigo is left with is a bad loan. ECF Doc. 101 at 20. Flynn, the founder and former owner and manager of Jureta, testified that he was "not aware" of Enemigo ever holding an ownership position in Jureta. *Id.* at 230:6-321:10.

### E. **Flynn Admits to Forging the SGWS Contract**

Enemigo alleges that it was duped into investing in Jureta and defendant Trinity Beverage Group, LLC ("Trinity") based on claims that Defendants had a "special" relationship with SGWS and a SGWS Contract that prioritized Enemigo's distribution with SGWS. Enemigo alleges Defendants lied about their SGWS relationship and forged the SGWS Contract to fraudulently induce Enemigo into loaning Defendants $750,000 and signing exclusive supplier agreements with

2

Verity and Trinity. ECF Doc. 101 at 9-11. At his deposition, Flynn admitted to forging the SGWS Contract out of fear of getting fired by Bell for not extracting more money out of Enemigo, and that Bell "unduly pressured Tequila Enemigo" into loaning money even though Flynn and other Verity/Trinity employees thought Enemigo was "never a good fit" for distribution with SGWS. Ex. A at 301:14-25; 339:7-21.

Flynn's testimony further shows that Jureta is a dissolved LLC without any assets or interest in the outcome of this case, and that the jurisdictional issue of whether Enemigo was ever a member of Jureta is intertwined with several triable issues of fact, including whether (i) Enemigo's loan ever converted into equity; (ii) Jureta defaulted on the Note by transferring substantially all of its assets to Trinity through the Article 9 foreclosure; and (iii) Jureta ever transferred membership interest to Enemigo.

For these additional reasons, Plaintiff respectfully requests the Court consider this new discovery and grant leave to file a supplemental brief.

Respectfully,

Andrew R. Goldenberg