UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENEMIGO LTD., | |
| Plaintiff, | Docket No. 22 Civ. 9794 (NRB) |
| -against- | |
| TRINITY BEVERAGE GROUP, LLC, MICHAEL BELL, HILL FLYNN, JURETA CAPITAL PARTNERS LLC, VERITY WINES, LLC, ORACLES CAPITAL, INC., ORACLES IMPORTS, LLC d/b/a ORACLES CRAFT BRANDS, KATHRYN SELBY, SELBY NEW YORK, INC., | |
| Defendants. | |

**DEFENDANTS' SUPPLEMENTAL REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Tamara S. Grimm
Christopher M. Helsel
O'Hagan Meyer, PLLC
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
215-461-3306
tgrimm@ohaganmeyer.com
chelsel@ohaganmeyer.com
*Attorneys for Defendant*
*Verity Wines, LLC*

Anthony J. Tomari
Eustace, Prezioso & Yapchanyk
55 Water Street, 28th Floor
New York, NY 10041
212-612-4035
atomari@eustacelaw.com
*Attorneys for Defendant Hill Flynn*

Matthew C. DeFranceso
Pierson Ferdinand LLP
1720 Avenue of the Americas, 7th Fl - 1050
New York, NY 10020
914-299-1139
matthew.defrancesco@fisherbroyles.com
*Attorneys for Defendants*
*Oracles Capital, Inc. and Oracles Imports, LLC*
*d/b/a Oracles Craft Brands*

Eric J. Berger
Seth A. Nirenberg
Cozen O'Connor
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
212-809-1279
eberger@cozen.com
sniremberg@cozen.com
*Attorneys for Defendants Trinity Beverage*
*Group, LLC*
*and Michael Bell*

Defendants hereby submit this supplemental brief in reply to Plaintiff's supplemental brief in opposition to Defendants' joint motion to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (the "Supplemental Opposition") (**ECF Doc. No. 109**). In addition to the arguments set forth herein, which respond directly to points raised in the Supplemental Opposition, Defendants reiterate the arguments set forth in their Memorandum of Law and Reply brief in support of the motion (**ECF Doc. Nos. 96** and **104**).

## ARGUMENT

Despite Plaintiff's persistent efforts to establish subject matter jurisdiction in this Court, the fact remains that its pleadings fall short of the mark. Indeed, the burden to establish the diversity of the parties' citizenship lies with Plaintiff, must be shown affirmatively, cannot be based on surmise or guesswork, and cannot simply be assumed in the hopes that a proper basis for jurisdiction can later be ascertained. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) *Hai Yang Liu v. 88 Harborview Realty*, LLC, 5. F. Supp. 3d 443, 447, 449 (S.D.N.Y. 2014).

In their original motion, Defendants asserted two primary lines of argument. First, Defendants argued that Plaintiff's Amended Complaint failed to properly plead the citizenship of each Defendant, which it must do to establish diversity jurisdiction. And second, Defendants argued that even if diversity of citizenship had been properly pled, complete diversity did not exist at the time of filing because Plaintiff is itself a member of two of the LLC Defendants.

Plaintiff's most recent submission focuses entirely on the latter argument, while ignoring the former. The Supplemental Opposition takes great pains to parse through the testimony of Defendant Hill Flynn to "confirm" that Jureta was a mere shell company whose existence should be ignored for jurisdictional purposes.[1] Rather than rehashing the arguments set forth at length previously on this

---

[1] Interestingly, Plaintiff implores the Court to take Flynn at his word on this point, notwithstanding his obvious credibility issues (he did, after all, admit to forging the SGWS contract, as the Supplemental Opposition readily highlights).

point, Defendants refer the Court to their prior submissions (**ECF Doc. Nos. 96** and **104**).

Ultimately, for jurisdictional purposes, it does not matter whether Jureta was a viable entity. Defendants' first argument is dispositive; the Amended Complaint fails to properly plead the citizenship of each Defendant, and that flaw is fatal to Plaintiff's efforts to establish subject matter jurisdiction.

At the risk of rehashing arguments already made, Defendants will offer only a brief summary of the relevant caselaw.

To invoke this Court's diversity jurisdiction, Plaintiff must allege the citizenship of each member of each LLC Defendant. *Liu*, 5 F. Supp. 3d at 447. If any LLC Defendant has members that are LLCs, the citizenship of the members of those LLCs must also be pleaded, and must be diverse to establish jurisdiction. *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016). Plaintiff failed to do so here.

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court may properly refer to evidence beyond the pleadings to resolve disputed jurisdictional facts. *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464 (S.D.N.Y. 2005). Accordingly, the Court may decide whether subject matter jurisdiction exists "on the basis of affidavits or other evidence, and no presumptive truthfulness attaches to the complaint's jurisdictional allegations." *Augienello v. Fed. Deposit Ins. Corp.*, 310 F.Supp.2d 582, 587, 588 (S.D.N.Y. 2004). Argumentative inferences favorable to the party asserting jurisdiction should not be drawn. *Integrated Utils. Inc. v. United States*, No. 96-cv-8983, 1997 WL 529007, at *3 (S.D.N.Y. Aug. 26, 1997).

Here, four of the Defendants are LLCs, and Plaintiff's allegations as to their citizenship are insufficient to establish complete diversity. Most glaringly, the Amended Complaint contains no allegation whatsoever regarding the members of Oracles Imports, LLC or their citizenship. For this reason alone, the Amended Complaint fails to plead sufficient facts to establish diversity jurisdiction.

Plaintiff's allegations regarding the remaining three LLC Defendants' citizenship are insufficient, as well. By sworn affidavit, Defendant Michael Bell has confirmed that, contrary to Plaintiff's allegations, Verity is a citizen of Pennsylvania, New York, Delaware, Connecticut, New Jersey, California, Maryland, and the United Kingdom, and Trinity is a citizen of Delaware, New York, Florida, California, and Connecticut. **ECF Doc. Nos. 89** and **90**. The Amended Complaint omits this information entirely.

Further, Defendant Verity has provided a list of its members, which identifies numerous individuals and entities holding ownership interests, none of whom/which are referenced in the Amended Complaint (aside from Jureta, which is itself a Defendant).[2] **ECF Doc. No. 81-1**.

As such, Plaintiff has failed to allege the citizenship of each member of each LLC Defendant, as it is required to do to establish diversity jurisdiction. *See Liu*, 5 F. Supp. 3d at 447.

Under Fed. R. Civ. P. 12(b)(1), "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Augienello*, 310 F.Supp.2d at 587 (S.D.N.Y. 2004). That is precisely the case here, and this matter should be dismissed.

Dated: New York, NY
April 2, 2024                                             Respectfully submitted,

O'HAGAN MEYER, PLLC                                      PIERSON FERDINAND LLP


By: __/s/ Christopher M. Helsel_____              By: __ /s/ Matthew C. DeFranceso____
Tamara S. Grimm                                          Matthew C. DeFranceso
Christopher M. Helsel                                    1720 Avenue of the Americas, 7th Fl - 1050
1717 Arch Street, Suite 3910                             New York, NY 10020
Philadelphia, PA 19103                                   914-299-1139
215-461-3306                                             matthew.defrancesco@pierferd.com
tgrimm@ohaganmeyer.com                                   *Attorneys for Defendants*
chelsel@ohaganmeyer.com                                  *Oracles Capital, Inc. and Oracles Imports,*
*Attorneys for Defendant*                                *LLC d/b/a Oracles Craft Brands*
*Verity Wines, LLC*

---

[2] While Jureta is referenced in the Amended Complaint, it is not identified as a member of Verity.

| | |
|---|---|
| COZEN O'CONNOR | EUSTACE, PREZIOSO & YAPCHANYK |
| By: __/s/ Seth A. Nirenberg_____<br>Eric J. Berger<br>Seth A. Nirenberg<br>3 WTC<br>175 Greenwich Street, 55th Floor<br>New York, NY 10007<br>212-809-1279<br>eberger@cozen.com<br>sniremberg@cozen.com<br>*Attorneys for Defendants*<br>*Trinity Beverage Group, LLC*<br>*and Michael Bell* | By: __/s/ Anthony J. Tomari_____<br>Anthony J. Tomari<br>55 Water Street, 28th Floor<br>New York, NY 10041<br>212-612-4035<br>atomari@eustacelaw.com<br>*Attorneys for Defendant Hill Flynn* |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April, 2024, I served a copy of the foregoing via the ECF filing system upon the following counsel:

Andrew Goldenberg, Esq.
LEVY GOLDENBERG, LLP
11 Broadway, Suite 615
New York, NY  10004
212.906.4499
andrew@levygoldenberg.com
*Attorneys for Plaintiff*
*Enemigo Ltd.*

                                                  */s/ Christopher M. Helsel*
                                      *Counsel for Defendant Verity Wines, LLC*